UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| LARRY RUMBOUGH, | : |
| Plaintiff, | : Case No.:6:12-cv-814-ORL-22-DAB |
| v. | : |
| MANN BRACKEN, LLC, | : |
| Defendant. | : |

**ANSWER TO ORDER DIRECTING COMPLIANCE**

Comes now the Receivership Estate of Mann Bracken, LLP (the "Estate" or the "Defendant"), by and through undersigned counsel, and Maurice B. VerStandig, Esquire ("Counsel"), by and through himself, and in answer to this Honorable Court's Order Directing Compliance (DE #8), wherein it is instructed that the Defendant shall "file a written response why sanctions should not be imposed for failure to respond to the Related Case Order and Interested Persons Order (Doc. No. 4)," and where it is further noted that Counsel will be sanctioned if a response is not timely furnished, state as follows:

I. **Introduction & Background**

The Defendant and Counsel urge that sanctions should not be imposed since the Estate and Counsel have complied with the subject Related Case Order and Interested Persons Order (the "Orders") of even date herewith. Furthermore, the unique nature of the Estate and the hundreds of millions of dollars of claims against the Estate led the Estate to conclude that the instant lawsuit should not be defended, like many others. Both

1

the Receiver and Counsel appreciate that while certain circumstances dictate the open strategy of taking no defensive action in the instant case, this Honorable Court intended compliance with the Orders to be nonetheless achieved.

Counsel has, for that reason, on numerous occasions, notified counsel for Larry Rumbough (the "Plaintiff"): that the Receivership Estate would not be defending the instant lawsuit in any affirmative capacity; that the Receivership Estate has filed a motion to disallow the claim of the Plaintiff, in the Circuit Court for Montgomery County, Maryland; and that actions against the Receiver and Estate must be brought before the supervising court of the Estate, under the Barton Doctrine, a doctrine established by the Supreme Court of the United States. Through these communications, Counsel has shared with the Plaintiff's attorney that the Defendant would not take any affirmative action to stop a default from being entered in the instant case, and that any judgment emanating from the instant case would likely be of *de minimis* value since it would be obtained in violation of the receivership procedures put into place by the Circuit Court for Montgomery County, Maryland, the court that currently has jurisdiction over the entirety of the Defendant's assets and over the Receiver.

Prior to these communications, the Defendant did, on June 11, 2012, file a Notice of Receivership (the "Notice of Receivership") in this proceeding. DE #2. A similar notice was filed in a previous suit brought by the Plaintiff against the Estate, on April 10, 2010. The sole purpose of this filing was to put this Honorable Court on notice of the receivership proceeding, with the Plaintiff having long ago been made aware of the subject receivership. By virtue of filing the June 11, 2012 Notice of Receivership, and by virtue of that filing alone, Counsel became counsel of record in the instant case, and the

Estate entered an appearance before this Honorable Court.

II. **Argument**

    a. **The Defendant Made a Conscious and Informed Decision to Not Defend the Instant Suit**

As further explained in both the Notices of Receivership, the Estate was placed into receivership on February 26, 2010, and the Circuit Court for Montgomery County, Maryland assumed control over all assets of the Defendant. Those assets are scarce compared to the claims, and the Receivership Estate has been cognizant of the need to spend as few resources as possible in the process of winding up the Defendant.

As far back as 1881, the Supreme Court of the United States announced what is colloquially known as the "Barton Doctrine," holding, *inter alia*, "It is a general rule that before suit is brought against a receiver leave of the court by which he was appointed must be obtained." *Barton v. Barbour*, 104 U.S. 126, 128 (1881) (citing *Davis v. Gray*, 83 U.S. 203 (1873)). In explaining this principle, the nation's highest court observed of allowing suits against a receiver without leave of the court that appointed the receiver:

> To admit such a practice would be to allow the charges and expenses of the administration of a trust property in the hands of a court of equity to be controlled by other courts, at the instance of impatient suitors, without regard to the equities of other claimants, and to permit the trust property to be wasted in the costs of unnecessary litigation.

*Barton*, 104 U.S. at 130.

Here, the Plaintiff never sought leave of the Circuit Court for Montgomery County, Maryland to bring suit against the Estate. To the contrary, the Plaintiff ignored two (2) notices of receivership served upon him, declined to file a proof of claim in the receivership proceeding, and is as-yet to oppose a motion to disallow his claim, which is currently ripe and pending in the Circuit Court for Montgomery County, Maryland.

In light of these actions, *vel non*, of the Plaintiff, the Estate elected to take no action in the instant litigation. It is a waste of the Estate's resources that will be distributed to creditors, pursuant to the order of the Circuit Court for Montgomery County, Maryland. Counsel is part of the team of attorneys that has helped to administer the Estate. Council is a member of the Florida Bar and filed the Notice of Receivership and advise this Honorable Court of the proceedings in Maryland. The Estate, however, directed Counsel to take no further action, as any active defense of this case would necessarily entail a diminution of the Estate's assets which would be frowned upon by the appointing court and not justifiable in light of all the claims against the Estate. Any judgment resulting from this suit would be a claim against the Estate which could have been allowed if the Plaintiff timely filed a claim. In short, the Receivership Estate owes a fiduciary duty to its creditors, and interpreted that duty to be best carried out by taking no action in defense of the instant litigation.

On multiple occasions, Counsel has explained this rationale to counsel for the Plaintiff, and informally encouraged the Plaintiff to either dismiss this or to proceed with a default judgment. Proceeding against the Estate and Counsel for contempt is not appropriate. Counsel sent the Plaintiff's counsel an article discussing the Barton Doctrine and notified Plaintiff's counsel of the motion to disallow the Plaintiff's claim pending in the Maryland court.

    **b. The Orders Are Being Complied With Instantly, and No Prejudice Has Been Suffered**

The Receiver and Counsel have the highest respect for this Honorable Court and appreciate that the Orders were not intended to be discretionary or optional in nature. In other proceedings, similarly situated, default judgments have been entered in various

jurisdictions, or a plaintiff has timely filed a claim. Unfortunately, the Estate and Counsel are in the predicament of have a duty to protect the Estate and themselves.

The Defendant has no standing and cannot maintain any defense of this case without the consent of the Circuit Court for Montgomery County, Maryland. Moreover, no prejudice has accrued to any parties as a result of the Estate's position that this Court may enter a default judgment for the actual damages of the Plaintiff.

### III.    Conclusion

WHEREFORE, for the foregoing reasons, the Receivership Estate of Mann Bracken, LLP and Maurice B. VerStandig, Esquire, respectfully pray that sanctions not be entered in this matter, and for such other and further relief as may be just and proper.

**[SIGNATURE BLOCK ON FOLLOWING PAGE]**

        Respectfully submitted,

        OFFIT KURMAN, P.A.

By:   /s/ Maurice B. VerStandig
       Maurice B. VerStandig, Esq.
       Florida Bar No. 76723
       4800 Montgomery Lane
       Suite 900
       Bethesda, Maryland 20814
       Phone: (240)507-1714
       Facsimile: (240)507-1735
       mverstandig@offitkurman.com
       *Counsel for Cheryl E. Rose in Her Official Capacity as Receiver of Mann Bracken, LLP*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of November, 2012, a copy of the foregoing was served on all counsel of record via this Court's CM/ECF system, including:

    J. Marshall Gilmore, Esq.
    Law Office of J. Marshall Gilmore
    1150 Louisiana Avenue
    Suite 4
    Winter Park, Florida 32789

       /s/ Maurice B. VerStandig
       Maurice B. VerStandig, Esq.

4834-8716-9041, v. 1