UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LARRY RUMBOUGH,**

        **Plaintiff,**

v.                                               Case No:  6:12-cv-814-Orl-22DAB

**MANN BRACKEN, LLC,**

        **Defendant.**
_____/

**ORDER**

This cause comes before the Court on Plaintiff Larry Rumbough's ("Plaintiff") Motion for Default Judgment (Doc. No. 16), filed on November 30, 2012.

First, before the Court can grant a motion for entry of final default judgment, the clerk must first enter a default when the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a); *see also Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986) ("Rule 55 applies to parties against whom affirmative relief is sought who fail to 'plead or otherwise defend.'" (citation omitted)). No such action has been taken.

Second, prior to entering a default judgment, the court must verify that the complaint is well pleaded because "[a] 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, and is barred from contesting on appeal the facts thus established.'" *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (citations omitted); *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)

("There must be a sufficient basis in the pleadings for the judgment entered.").[1]  Even if the Court were to review this case based on a motion for entry of final default judgment, the Court would have to deny Plaintiff such relief because Plaintiff's complaint is a series of legal conclusions parroting the language of the statutes cited.  Plaintiff fails to offer sufficient factual allegations.

Therefore, based on the foregoing, it is **ORDERED** as follows:

1.  Plaintiff's Motion for Default Judgment (Doc. No. 16), filed on November 30, 2012, is **DENIED**.

2.  Plaintiff is **GRANTED** leave to file an amended complaint on or before December 24, 2012.  The amended complaint shall not serve as an opportunity to add new claims.  Rather, this represents a chance for Plaintiff to remedy the pleading deficiencies identified herein.  Failure to file an amended complaint by this date may result in dismissal of this case without further notice.

**DONE** and **ORDERED** in Orlando, Florida on December 3, 2012.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit prior to the close of business on September 20, 1981).

Unrepresented Parties