**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

LARRY RUMBOUGH,

    Plaintiff,

                                                Case No. 6:12-cv-814-Orl-22DAB

-v-

MANN BRACKEN, LLC,

    Defendant.

**FIRST AMENDED COMPLAINT**

    Plaintiff, Larry Rumbough, hereby sues Defendant, MANN BRACKEN, LLC; and alleges:

**PRELIMINARY STATEMENT**

1. This is an action for damages brought for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq*.

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p.

3. Venue is proper in this Circuit pursuant to 28 U.S.C. §1391b.

4. This is an action for damages which does not exceed $75,000.00.

5. Plaintiff, LARRY RUMBOUGH, is a natural person and is a resident of the State of Florida.

6. Defendant, MANN BRACKEN, LLC ("Mann"), is a Georgia limited liability company, not authorized to do business in Florida.

7. All conditions precedent to the bringing of this action have been performed, waived or excused.

**FACTUAL ALLEGATIONS**

8. On March 16, 2005, Mann obtained Plaintiff's credit report from Experian, thereby reducing his credit score. Plaintiff Mann used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

1

9. On July 29, 2005, Mann obtained Plaintiff's credit report from Equifax, thereby reducing his credit score. Mann used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

10. On May 25, 2007, Mann obtained Plaintiff's credit report from ChexSystems, thereby reducing his credit score. Mann used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

11. In June 2007, Mann obtained Plaintiff's credit report from Trans Union. Mann used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

12. On January 9, 2008, Mann obtained Plaintiff's credit report from Trans Union, thereby reducing his credit score. Mann used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

13. On each occasion set out in Paragraphs 8 through 12, supra, the Plaintiff had not applied for nor did Plaintiff have any type of credit relationship with Defendant nor did Plaintiff ever have any sort of business relationship whatsoever with the Defendant that would justify a pull of Plaintiff's credit report from the credit reporting agencies alleged.

14. The Defendant did not provide Plaintiff with any explanation whatsoever or any certification setting out the reason for pulling his credit reports on the dates alleged in Paragraphs 8-12, supra.

15. At no time has Plaintiff given Defendant permission to pull his credit reports.

## COUNT I
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
## BY DEFENDANT MANN

16. Paragraphs 1 through 15 are re-alleged as though fully set forth herein.

17. §1681b(f) provides:
"A person shall not use or obtain a consumer report for any purpose unless—
(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
(2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

18. Mann violated the FCRA. Defendant's violations include, but are not limited to, the following:
    (a) Mann willfully violated §1681b(f) by willfully using false pretenses or knowingly without a permissible purpose to obtain Plaintiff's consumer report, by falsely

representing or certifying that the report was being obtained for a permissible purpose as defined by §1681b.

WHEREFORE, Plaintiff demands judgment for damages against Mann for statutory damages, and attorney's fees and court costs, and grant such other and further relief as the court deems just and proper, pursuant to 15 U.S.C. §1681(n) and 15 U.S.C. §1681(o).

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: December 26, 2012

                                          Respectfully submitted,

*__/s/J. Marshall Gilmore___*
J. Marshall Gilmore
Florida Bar No. 840181
1936 Lee Road, Suite 100
Winter Park, FL 32789
(407) 629-7322
(407) 599-3801 fax
mgilmore@mgilmorelaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered this 26th day of December, 2012 by electronic courts service of cm/ecf delivery to parties of record.

*__/s/J. Marshall Gilmore_____*