# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LARRY RUMBOUGH,**

 **Plaintiff,**

-vs-                                                        **Case No.  6:12-cv-814-Orl-22DAB**

**MANN BRACKEN, LLC,**

 **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

 This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR RELIEF FROM ORDER DISMISSING CASE AND TO ORDER THE DEFENDANT TO APPEAR AT CASE MANAGEMENT CONFERENCE (Doc. No. 37)** |
| **FILED:** | **December 13, 2013** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

 Plaintiff Larry Rumbough moves to reopen his case that was dismissed on November 26, 2013 (*see* Doc. 36) and, belatedly, for an Order to Show Cause to require Defendant Mann Bracken, LLC, to appear at a case management conference.  After more than eighteen months without Plaintiff taking steps to personally serve Defendant in order to properly obtain a default or conduct a case management conference, the case was dismissed for lack of prosecution, and it is respectfully **RECOMMENDED** that Plaintiff's Motion to Reopen the case be **DENIED**.

## I. Motion to Reopen

As Judge Conway has repeatedly noted, Plaintiff has been dilatory in meeting court deadlines, thus, the relief sought at this late juncture is not warranted.  Plaintiff filed a separate suit against Mann Bracken, LLC, on May 29, 2012 asserting claims under the Fair Credit Reporting Act[1].  Doc. 1.

Mann Bracken, LLC was in receivership proceedings and the case was stayed for a month until July 17, 2012.  Docs. 1-3.  Mann Bracken represented to the Court that "the value of any default judgment would likely be of *de minimis* value since it would be obtained in violation of the receivership procedures put into place by the Circuit Court for Montgomery County, Maryland, the court that currently has jurisdiction over the entirety of the Defendant's assets and over the Receiver."  Doc. 11.  On November 7, 2012, Plaintiff was ordered to show cause "why the *Barton Doctrine* does not apply to the present case and why continuing this case does not violate the *Barton Doctrine*" which does not allow suits against a corporate receiver without leave of court.  Doc. 12.

Plaintiff sought an extension to respond, but eventually filed a response on November 30, 2012 stating he would seek leave of court, and that he was simultaneously filing a motion for default judgment against Mann Bracken.  Doc. 13.  The Motion for Default Judgment was denied due to the failure to obtain an entry of default and for pleading deficiencies; Plaintiff was warned that failure to file the amended complaint by the December 24, 2012 deadline would result in dismissal without further notice.  Doc. 17.

Plaintiff filed his Amended Complaint on December 26, 2012 (Doc. 18) and a month later sought a motion for entry of clerk's default.  Doc. 19.  The Motion for entry of default was denied without prejudice on February 4, 2013 because there was no evidence, such as a return of service, that

---

[1]*See* Case No. 6:10-cv-117, Doc. 189 (ordering cases against multiple Defendants to be severed and given new case numbers).

-2-

any version of the Complaint had been properly served on Mann Bracken LLC.  Doc. 20.  As of March 7, 2013, Plaintiff had failed to present a summons to the Clerk for issuance, and Judge Conway, pursuant to Local Rule 3.10, ordered Plaintiff to show cause by March 21, 2013 as to why his case should not be dismissed for lack of prosecution. Doc. 21.

On March 21, 2013, Plaintiff filed a response stating that he had cured the deficiencies previously identified by the Court and filed the Amended Complaint, and he intended to refile for an entry of default "in the next few weeks along with affidavits in support." Doc. 22 ¶ 7.

Three more months went by with no motion for default being filed.  Judge Conway entered a second order to show cause on June 6, 2013 requiring Plaintiff once again to show cause no later than June 12, 2013 why the case should not be dismissed for lack of prosecution.  Doc. 23.  She specifically noted: "In the present case and related ones, Plaintiff's counsel has shown an utter disregard for the Court's deadlines and an inability to prosecute actions diligently. See M.D. Fla. R. 3.10." Doc. 23.

Following Plaintiff's Response to the second Order to Show Cause (Doc. 24) which raised certain issues (but not by way of a properly filed motion seeking a ruling[2]), Judge Conway again ordered Plaintiff to file a motion for entry of a clerk's default with a memorandum of law by June 18, 2013 at 5:00 PM. Doc. 25. However, instead of complying with the deadline set in Judge Conway's Order, Plaintiff filed yet another motion for an extension of time on June 18, 2013 at 4:39 p.m. Doc. 26.

Judge Conway noted Mr. Gilmore's failure to meet deadlines "has become a habit in Plaintiff's cases before the undersigned. Reviewing the present motion for extension, the Court finds

---

[2]"Plaintiff never properly filed a motion for a ruling on whether or not the Defendant, by way of the filings that it has made in this case, has made an appearance. The mere filing of a response to a show cause order does not constitute a motion for relief. *See* M.D Fla. R. 3.01; Fed. R. Civ. P. 7(b). In the absence of a motion, the Court does not sit as an advisory court. As the Court has reminded Plaintiff's counsel on multiple occasions, Plaintiff's counsel must comply with the Local Rules." Doc. 25 at 2.

that it has no merit based on a review of Plaintiff's previous filings." Doc. 27. Accordingly, Plaintiff's

Motion for an Extension of Time in which to file the motion for default was denied by Judge Conway

on June 19, 2013 at 12:40 p.m., and notice was sent electronically to Mr. Gilmore immediately.

Despite the denial of his Motion for Extension, later on the same day, at 9:23 p.m., Mr. Gilmore filed

his untimely Second Motion for Entry of Clerk's Default. Doc. 28. The Motion was denied, as it had

been disallowed by previous order. See Doc. 27.  Plaintiff was ordered to show cause by July 8, 2013

why the case should not be dismissed for lack of prosecution and for failure to follow Court orders.

Local Rule 3.10.  Doc. 29.

On June 27, 2013, Plaintiff finally requested that the Clerk issue summons in order for

Plaintiff to serve  Mann Bracken.  Doc. 30.  On July 8, 2013, Plaintiff filed a response to the June 27,

2013 order to Show Cause pointing out that he had finally served Defendant,  who represented it

would not resist default being entered against it.  Doc. 31 at 1.

Instead, on July 29, 2013, Defendant filed an Answer and asserted as affirmative defenses that

Plaintiff's claims were barred by the doctrines of *res judicata* and estoppel.  Doc. 32. Defendant

argued that the precise claims set forth in Plaintiff's First Amended Complaint had previously been

disallowed by the Circuit Court for Montgomery County, Maryland – the court administering the

Receivership Estate of Mann Bracken – through a proceeding to which the Plaintiff had notice, was

made a party, and elected to not participate. *See* Doc. 32-1 (Order Disallowing Claim of Larry

Rumbough).  Defendant also argued that the Mann Bracken entity had been liquidated through

receivership proceedings.  Doc. 32.

Ninety days went by with no activity furthering the case, despite Local Rule 3.05(c)(2) which

requires the parties to meet within *sixty days* after service of the complaint on any defendant. *See also*

Doc. 4 at 2 (Track Two notice explicitly stating requirement).  With no activity in the case, and given

Plaintiff's previous failures to timely prosecute the case, Judge Conway again ordered Plaintiff on

October 16, 2013, for the fourth time, to show cause why the case should not be dismissed for failure to prosecute, specifically the failure to file the case management report.  Doc. 33.  Plaintiff responded on October 30, 2013 through counsel that a meeting was planned for November 8, 2013.  Because Plaintiff's counsel was simultaneously moving to withdraw, to which Plaintiff had apparently agreed, Plaintiff planned to attend the case management conference representing himself if necessary. Doc. 34, 35.

Another three weeks went by without the case management report being filed by the parties. Therefore, on November 26, 2013, Judge Conway entered an order dismissing Plaintiff's case without prejudice for lack of prosecution and closed the file.  Doc. 36.  Plaintiff's counsel, who had not yet been granted leave to withdraw, moved to reopen the case, however, Plaintiff proceeding *pro se* shortly thereafter filed a Notice of Appeal.  Doc. 38.

Against this backdrop, Plaintiff's counsel argues that reconsideration of the dismissal is warranted because counsel for the parties had agreed to a time for the case management conference of November 8, 2013, yet Defendant's counsel failed to appear or telephone at the designated time. Doc. 37.  Plaintiff's two-page Motion, although containing a passing reference to Federal Rule of Civil Procedure 60(b), fails to contain any argument or citation of authority for reopening the case other than  his reliance on Defendant's counsel to appear for the meeting.  Doc. 37.   When Defendant's counsel failed to appear for the meeting on November 8, 2013, despite the October 16 2013 order to show cause, Plaintiff took *no steps* to seek relief, such as moving for sanctions against Defendant for failure to participate in the case management conference, or for the Court to hold a preliminary pretrial conference.  It is respectfully **RECOMMENDED** that Plaintiff's Motion for Reconsideration of the Dismissal Without Prejudice be **DENIED.**

### II.  Other issues

Plaintiff's counsel had previously moved to withdraw (Doc. 35) about one month before the Order was entered by Chief Judge Conway dismissing Plaintiff's case without prejudice.  Doc. 36. Plaintiff never filed any response or objection to his counsel's Motion to Withdraw in the ensuing month before the case was dismissed without prejudice and closed.  Within three weeks of filing the Motion to Reopen the case (Doc. 27) by Plaintiff's counsel, Plaintiff proceeding *pro se* filed a Notice of Appeal of Judge Conway's Order dismissing his case.

The effect of Plaintiff's premature filing of his Notice of Appeal before the Court had decided the Motion to reopen the dismissal had no impact on the Motion to reopen.  Federal Rule of Appellate Procedure 4 requires a notice of appeal to be filed following entry of a judgment or order.   In this case, because the notice of appeal was filed *after* Judge Conway's dismissal order but *before* the ruling on the motion for relief under Rule 60 was decided, the notice of appeal is does not become effective to appeal the order, until the order disposing of the motion is entered.  *See* F.R.A.P (a)(4)(B)(i).  In any event, on January 21, 2014, the Eleventh Circuit dismissed Plaintiff's Notice of Appeal for want of prosecution for failure to pay the filing and docketing fees.  Doc. 41.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 7, 2014.


*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

-6-