UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LARRY RUMBOUGH,**

        **Plaintiff,**

v.                                                Case No:   6:12-cv-814-Orl-22DAB

**MANN BRACKEN, LLC,**

        **Defendant.**

## ORDER

This cause comes before the Court on Plaintiff Larry Rumbough's ("Plaintiff") Objection (Doc. No. 43) to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 42) that Plaintiff's Motion for Relief from Judgment (Doc. No. 37) be denied. For the reasons stated herein, the Objection will be overruled and the Magistrate Judge's R&R will be adopted and confirmed.

### I. BACKGROUND

The R&R contains a comprehensive recitation of the procedural history of this case, but the short version is that Plaintiff took more than a year from the date he filed this action to serve Defendant Mann Bracken, LLC ("Defendant"), by which time Defendant had been liquidated in a Maryland state court receivership proceeding. This Court ultimately dismissed Plaintiff's Complaint for failure to prosecute after five months had elapsed from the date of service without any meaningful activity in the case. (*See* Doc. No. 36.) Plaintiff filed a Motion for relief from the dismissal Order pursuant to Rule 60(b), citing the "adversarial misconduct of the opposing party" as grounds for relief. (Doc. No. 37.) Noting that Plaintiff's Motion did not contain any argument or citations of legal authority other than the passing reference to Rule 60(b), the Magistrate Judge recommended that the Motion be denied.

## II. LEGAL STANDARDS & ANALYSIS

District courts review *de novo* any portion of a magistrate judge's disposition of a dispositive motion to which a party has properly objected. Fed. R. Civ. P. 72(b)(3); *Ekokotu v. Fed. Express Corp.*, 408 F. App'x 331, 336 n.3 (11th Cir. 2011) (per curiam).[1] The district judge may reject, modify, or accept in whole or in part the magistrate judge's recommended disposition, among other options. Fed. R. Civ. P. 72(b)(3). *De novo* review of a magistrate judge's findings of fact must be "independent and based upon the record before the court." *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988). The district court "need only satisfy itself that there is no clear error on the face of the record" in order to affirm a portion of the Magistrate Judge's recommendation to which there is no timely objection. Fed. R. Civ. P. 72 advisory committee's note (1983) (citations omitted).

Federal Rule of Civil Procedure 60(b) permits a district court to relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

---

[1] Unpublished Eleventh Circuit cases are persuasive, but not binding.

Fed. R. Civ. P. 60(b). Rule 60(b)(3), which appears to be the basis of Plaintiff's Motion, "allows a court to grant relief from a final judgment [or order] if the moving party proves by clear and convincing evidence that an adverse party has obtained the verdict through fraud, misrepresentation, or other misconduct." *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1287 (11th Cir. 2000) (citations omitted). In addition, the moving party must demonstrate that the alleged misconduct "prevented the losing party from fully and fairly presenting his case or defense." *Id.* (citations omitted).

In this case, Plaintiff does not plead, let alone prove by clear and convincing evidence, that Defendant's alleged misconduct caused the Court to dismiss the case or prevented Plaintiff from fully and fairly presenting his case. As best the Court can tell, the sole instance of alleged misconduct is Defendant's attorney's failure to attend a case management conference at the agreed-upon time. As the Magistrate Judge pointed out, "Plaintiff took *no steps* to seek relief" from this misconduct. (R&R (Doc. No. 42) at 5.) To the extent that Plaintiff now seeks to blame his attorney for the failure to prosecute, Rule 60(b)(3) permits relief only for fraud or misconduct of an adverse party, not Plaintiff's own attorney. *See Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1102 (9th Cir. 2006). Any complaints about the performance of the Maryland court-appointed receiver are similarly irrelevant in the context of the Rule 60 Motion presently before the Court. There being no good cause to relieve Plaintiff from the November 26, 2013 Dismissal Order, the Court will overrule the objection and adopt the R&R.

### III. CONCLUSION

Based on the foregoing, it is ordered as follows:

1. Plaintiff Larry Rumbough's Objection (Doc. No. 43), filed February 20, 2014, is **OVERRULED**.

- 4 -

      2.      The Report and Recommendation (Doc. No. 42), issued February 7, 2014, is **ADOPTED and CONFIRMED** and made a part of this Order.

      3.      The Motion for Relief from Judgment (Doc. No. 37), filed December 4, 2013, is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on June 9, 2014.

_____
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties